IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LORILLARD TOBACCO COMPANY, ) <br> a Delaware Corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> vs. ) <br> ) <br> ) <br> MONTROSE WHOLESALE CANDIES ) <br> AND SUNDRIES, INC., et al., ) <br> ) <br> Defendants. ) <br> ) | No. 03 C 5311 <br><br> Consolidated with <br><br> No. 03 C 4844 <br><br><br> Judge Marvin E. Aspen <br><br> Magistrate Judge <br> Jeffrey Cole |

## MEMORANDUM OPINION AND ORDER

The Lorillard Tobacco Co. has filed in chambers what is captioned "*Ex Parte* Motion For Inspection Of Premises And Seizure Of Assets."[1] The caption, however, is not controlling and the label a party chooses to affix to a motion or any transaction is not determinative and cannot result in a subordination of substance to semantics. *See Bowen v. Massachusetts*, 487 U.S. 879, 916 (1988); *Whitaker v. Superior Court*, 514 U.S. 208, 209 (1995); *United Airlines v. U.S. Bank, N.A.*, 406 F.3d 918, 923 (7th Cir. 2005). *Cf. DiSanto v. Pennsylvania*, 273 U.S. 34, 43 (1927)("the logic of words should yield to the logic of realities."); *United States v. R.F. Ball Const. Co.*, 355 U.S. 587, 593 (1958)("Substance, not form or labels, controls the nature and effect of legal instruments.")(Whittaker, J., dissenting); *W.B. Worthen Co. ex. rel. Board of Commissioners v. Kavanaugh*, 295 U.S. 56, 62 (1935)("What controls our judgment . . . is the underlying reality rather

---

[1] Local Rule 5.8 requires that any document to be filed under seal must be accompanied by a cover sheet which shall include, *inter alia*, the date of the court order allowing the sealed filing. *See also* Local Rule 26.2. The motion contains no reference to any authority allowing its *ex parte* sealed filing without prior order of court.

than the form or label.")(Cardozo, J.); *Walsh v. Heilmann*, 472 F.3d 504 (7th Cir. 2006)("But why should anything turn on the label?").

The reality is that the motion is tantamount to a request for a search warrant for Lorillard to enter and search the home of Ray and Sandra Hazemi and the business premises of Montrose Wholesale Candies and Sundries, Inc. (which is owned by them) and for permission to seize any cash, checks or other negotiable instruments belonging to the Hazemis and Montrose and to seize or at least copy all of their financial and accounting records. Nothing in the Motion, itself, suggests that the search and seizure will be accomplished by anyone other than Lorillard. It is not until one looks at the Proposed Order granting the motion that there is even a mention of United States Marshals. But even then, it is Lorillard., through its counsel of record, who is to carry out the search and seizure. The Marshals are merely to accompany Lorillard.

Nothing in the Federal Rules of Civil Procedure authorizes this sort of extraordinary relief. The requested relief is not to seize counterfeit goods, 15 U.S.C.A. §1116(d)(1)(A), but to allow a party's lawyer in a civil suit, post judgment, to search a private dwelling and a business premise and seize, essentially as the spirit moves him, cash, checks, and books and records. Even in cases under §1116, the court cannot receive an *ex parte* application for a seizure order without giving notification to the United Sates Attorney for the judicial district in which the order is sought. 15 U.S.C. 1116(d)(2). Furthermore, the application for the seizure order must be based on affidavit or the verified complaint establishing facts sufficient to support the findings of fact and conclusions of law required for such order and security must be provided adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful seizure or attempted seizure. 15 U.S.C. 1116(3) and (4).

2

Rule 34, which the Motion quotes without analysis, merely authorizes a party "to serve on any other party a request within the scope of Rule 26(b)" -- the qualifying words within the scope of Rule 26(b) are not included in the Motion's quotation from the Rule -- to produce and permit the requesting party or its representative to inspect, copy, test or sample any designated documents or electronically stored information, any designated tangible things, or to permit entry onto designated land or other property possessed or controlled by the responding party so that the requesting party may inspect, measure, survey, photograph, test or sample the party or any designated object or operation on it.

In short, nothing in the plain language of Rule 34 authorizes the relief sought in the *Ex Parte* Motion. It does not allow as a substitute for a request within the scope of Rule 26(b) a request for a court order allowing a party's counsel, under the auspices of the court and with the compulsion of the United States Marshals, to conduct searches and seizures. Certainly, *Semitool v. Tokyo Electron America, Inc.*, 208 F.R.D. 273 (N.D.Cal. 2002), the only case cited in the Motion, does not authorize the relief. It simply authorized expedited discovery in a patent case where "good cause" existed for expediting disclosure of defendant's documents and inspection of the accused device.

Nothing in Rule 69, Federal Rules of Civil Procedure, authorizes the relief Lorillard is seeking. It merely provides that a judgment creditor may obtain discovery from any person in the manner provided in the federal rules or in the manner provided by the practice of the state in which the district court is held. Beyond merely adverting to Rule 69, the Motion does not cite to any Illinois case or statute that would support the relief it seeks.. Although the Motion suggests that what is sought is merely a "standard discovery tool[ ]," (*Motion* at 6), the requested relief is anything but routine. It seeks, in effect, permission to raid the defendants' home and business premises. No

3

matter how liberally one construes the Federal Rules of Civil Procedure or the Illinois statutes, they do not authorize a court to grant the extraordinary authority sought by the Motion.

Lorillard is free to take whatever discovery it deems appropriate to enforce its judgment so long as it is authorized by appropriate rule or statute. It also may also seek to take discovery on an expedited basis pursuant to motion. And finally, if Lorillard can demonstrate, as it has in the past, improper efforts to thwart discovery and collection efforts, there are ample avenues for redress under the Federal Rules of Civil Procedure.

The *Ex Parte* Motion For Inspection of Premises And Seizure Of Assets is denied and the clerk of the court is directed immediately to file the Motion as part of the public record.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 4/8/08

4